UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFEREY CURTIS AULT,<br><br>Petitioner,<br><br>v.<br><br>M.E. SPEARMAN, Warden<br><br>Respondent. | Case No. 1:17-cv-00334-LJO-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO (1) DENY PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, AND (2) GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION**<br><br>**(ECF NO. 13, 17)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent Joe A. Lizarraga, Warden of Mule Creek State Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Andrew Robert Woodrow of the Office of the California Attorney General.

**I.     Relevant Procedural History**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Santa Clara for first degree murder. (ECF No. 13-1.) On July 31, 1993, he was sentenced to an indeterminate state prison term of thirty three years to life. (Id.)

On August 26, 2015, while incarcerated at Valley State Prison in Chowchilla, California, Petitioner was found guilty of a prison disciplinary violation for possession of an inmate-manufactured weapon and was assessed a 181-day loss of credits. (ECF No. 13-3 at 41-44.) Petitioner filed a prison administrative appeal, but it was cancelled as untimely at the third level. (ECF No. 13-2 at 16.) Petitioner filed petitions for writ of habeas corpus in the Madera County Superior Court, the California Court of Appeal for the Fifth District, and the California Supreme Court. (ECF Nos. 13-2, 13-3, and 13-4.) All were denied. (Id.)

On March 8, 2017, Petitioner filed the instant petition challenging his disciplinary violation. (ECF No. 1.) On May 18, 2017, Respondent filed a motion to dismiss. Respondent argues that the Court lacks jurisdiction to adjudicate the petition and that the claims contained therein are unexhausted or procedurally defaulted. (ECF No. 13.) On July 20, 2017, Petitioner filed a reply. (ECF No. 20.) Additionally, Petitioner has filed a motion for the appointment of counsel. (ECF No. 17.)

**II.     Appointment of Counsel**

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The Court finds that the interests of justice do not require the appointment of counsel in this case at the present time.

Accordingly, the Court will recommend that the motion for appointment of counsel be denied.

**III.    Jurisdiction**

Relief by way of a writ of habeas corpus extends to a prisoner under a judgment of a state court if the custody violates the Constitution, laws, or treaties of the United

States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). However, federal courts lack habeas jurisdiction over claims for constitutional violations that are not within the "core" of habeas corpus. Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645, 196 L. Ed. 2d 542 (2017). The core of habeas corpus includes only those claims that challenge the fact or duration of the conviction or sentence. Id. at 934. "[W]hen a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus[.]" Skinner v. Switzer. 562 U.S. 521, 535 n.13 (2011) (citation and internal quotation marks omitted). Such claims must be brought, if at all, in a civil rights complaint. Nettles, 830 F.3d at 934.

With respect to disciplinary proceedings, the Ninth Circuit has concluded that the mere fact that a disciplinary decision may be considered as a factor in denying parole is insufficient to confer habeas jurisdiction on the court. Nettles, 830 F.3d at 934-35. Thus, a prisoner serving an indeterminate sentence, who will not benefit from the restoration of good time credits, may be foreclosed from seeking habeas relief in relation to disciplinary proceedings. See id. at 928-29.

The instant case is not distinguishable from Nettles in any material way. Petitioner, like Nettles, is serving an indeterminate sentence. He will not directly benefit from the restoration of any lost time credits. He contends that the disciplinary decision has affected his minimum eligible release date and his eligibility for elderly prisoner parole. (ECF No. 18.) However, as in Nettles, the disciplinary decision is but one factor that will be considered in determining whether to grant Petitioner parole. Reversal of the disciplinary decision will not necessarily result in the grant of parole. See id. at 935. In this regard, his claim does not fall within the core of habeas corpus.

The Ninth Circuit has recognized that a prisoner who seeks a "quantum change in the level of [his] custody" may bring his claims through a habeas petition. See Nettles v.

Grounds, 788 F.3d 992, 1005-06 (9th Cir. 2015)[1]; see also Skinner, 562 U.S. at 534 (quoting Wilkinson v. Dotson, 544 U.S. 74, 86 (2005) (Scalia, J., concurring) (suggesting that habeas jurisdiction may lie where the relief sought would terminate custody, accelerate the future date of release from custody, or reduce the level of custody). Such a quantum change could include release from disciplinary segregation to the general prison population. Nettles, 788 F.3d at 1005-06.

Here, the records before the Court reflect that, as a result of the disciplinary decision, Petitioner was referred for consideration for placement in disciplinary segregation. (ECF No. 13-3 at 43.) However, the record does not reflect whether Petitioner was, in fact, placed in disciplinary segregation or whether he remained so segregated at the time of filing his petition. Petitioner does not now seek, and did not seek in the state courts or in his administrative appeals, relief in the form of a quantum change in the level of his custody. Thus, it does not appear that Petitioner is entitled to relief in the form of release from disciplinary segregation.

Based on the foregoing, the Court does not have jurisdiction to consider the claims and the claims must be brought, if at all, in a § 1983 civil rights action.

## III. Exhaustion

Even if Petitioner had sought a quantum change in his level of custody that would confer jurisdiction on the Court, the petition must be dismissed because the claims have not been properly exhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional

---

[1] Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015), involved the consolidated appeals of two separate inmates, Damous Nettles and Matta Santos. The discussion and opinion regarding habeas jurisdiction over claims alleging a quantum change in the level of custody was confined to Santos's case. See id. at 1004–06. The Nettles case was reheard en banc, but only with respect to the holdings regarding Damous Nettles. See Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc). The panel's opinion regarding Santos's claim concerning the quantum change in custody was not re-heard.

deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Here, Petitioner presented his claims to the California Supreme Court and the California Supreme Court summarily denied his petition, citing to In re Dexter, 25 Cal. 3d 921, 925-26 (1979). (ECF No. 13-4 at 2.) In the cited pages of the Dexter decision, the California Supreme Court explained that it generally will not grant judicial relief to a prisoner unless he has first exhausted available administrative remedies. 25 Cal 3d at 925-26. Numerous federal district court have concluded that "an In re Dexter citation from the California Supreme Court requires dismissal of a federal habeas petition for failure to exhaust state judicial remedies." E.g., Cardoza v. Hatton, No. 16-CV-03666-EMC, 2017 WL 1493106, at *3 (N.D. Cal. Apr. 26, 2017) (collecting cases). See also Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.").

In such circumstances, the petition must be dismissed without prejudice to refiling

in the event Petitioner exhausts state judicial remedies for his claims.[2]

**IV.     Conversion to § 1983 Action**

In an appropriate case a habeas petition may be construed as a section 1983 complaint. <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the <u>Wilwording</u> case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. However, prisoners proceeding in forma pauperis in civil rights cases are required to pay the $350 filing fee by way of periodic deductions from the prisoner's trust account. <u>See</u> 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the Court will recommend the case be dismissed without prejudice to Petitioner presenting the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, if he so chooses. Any such complaint will be assigned a separate civil number.

**IV.     Conclusion and Recommendations**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Petitioner's motion for the appointment of counsel be DENIED;
2. Respondent's motion to dismiss be GRANTED, and
3. The petition for writ of habeas corpus be dismissed without prejudice for lack of jurisdiction and failure to exhaust state judicial remedies.

---

[2] Based on this conclusion, the Court need not, and does not reach Respondent's arguments regarding procedural default.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: July 31, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE